# UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF TENNESSEE

### NASHVILLE DIVISION

EUGENE SCALIA, Secretary )
of Labor, United States )
Department of Labor, )
 ) Civil Action No. _____
   Plaintiff )
 )
v. )
 )   **COMPLAINT**
SPORTS-ORTHO URGENT CARE, PC )
 dba SPORTS ORTHO URGENT CARE, )
TENNESSEE SPORTS MEDICINE ) (Injunctive Relief Sought)
 and ORTHOPEDICS, )
CHARLES R. KAELIN, JR. )
 (an individual), and )
CAROL KAELIN (an individual), )
 )
   Defendants. )

   Plaintiff, Eugene Scalia, Secretary of Labor, United States Department of Labor (hereinafter "Plaintiff") brings this action to enjoin the defendants from violating the provisions of Sections 7 and 11(c) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "FLSA" or "the Act"), and to recover unpaid wages and liquidated damages pursuant to the provisions of Sections 15(a)(2) and 16(c) of the Act; and to obtain legal and equitable relief in order to prevent future violations pursuant to Section 17 of the Act.

I

   A. Jurisdiction hereof is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, to enjoin violations of the Act and to restrain the withholding of back wages due under

the Act; and by 28 U.S.C. § 1345 to award additional amounts, equal to back wages due, as liquidated damages under Section 16(c) of the Act, 29 U.S.C. § 216(c).

    B.   Venue lies in the United States District Court for the Middle District of Tennessee, Nashville Division. At all times relevant to this Complaint, defendants had a place of business and did business at 5000 Crossings Circle, Suite 101, Mt. Juliet, Tennessee 37122. In addition, a substantial portion of the events and omissions giving rise to this cause of action occurred in Mt. Juliet, Tennessee. 28 U.S.C. § 1391(b)(2).

II

    A.   Defendant, Sports-Ortho Urgent Care, PC, d/b/a Sport Ortho Urgent Care a domestic corporation having a place of business and doing business at 5000 Crossings Circle, Suite 101, Mt. Juliet, Tennessee 37122, at all times hereinafter mentioned, has been engaged in providing medical orthopedic services to customers/patients in the general public.

    B.   Defendant, Tennessee Sports Medicine and Orthopedics, PC is a domestic corporation having a place of business and doing business at 5000 Crossings Circle, Suite 101, Mt. Juliet, Tennessee 37122, at all times hereinafter mentioned, has been engaged in providing medical orthopedic services to customers/patients in the general public.

    C.   Defendant, Charles R. Kaelin, Jr, at all times hereinafter mentioned, has acted directly or indirectly in the

2

interest of Sports-Ortho Urgent Care, PC d/b/a Sports Ortho Urgent Care and Tennessee Sports Medicine and Orthopedics, PC, in relation to its employees, and therefore, has been, and is, an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

D.   Defendant, Carol Kaelin, at all times hereinafter mentioned, has acted directly or indirectly in the interest of Sports-Ortho Urgent Care, PC d/b/a Sports Ortho Urgent Care and Tennessee Sports Medicine and Orthopedics, PC, in relation to its employees, and therefore, has been, and is, an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

III

A.   Defendants, at all times hereinafter mentioned, have suffered or permitted employees to work, and therefore the defendants have been employers within the meaning of Sections 3(d) and 3(g) of the Act, 29 U.S.C. §§ 203(d) and 203(g).

B.   At all times hereinafter mentioned, defendants employed employees that have been and are engaged in commerce or in the production of goods for commerce, within the meaning of Sections 3(b) and (j), respectively, of the Act, 29 U.S.C. §§ 203(b) and (j).

C.   At all times hereinafter mentioned, defendants were in a joint employment relationship in relation to each other and to the employees at issue.

3

IV

At all times hereinafter mentioned:

A.    Defendants, having been engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of Section 3(r)(1) of the Act, 29 U.S.C. § 203(r)(1); and

B.    Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and

C.    Such enterprise operates as a business engaged in the provision of orthopedic medical services to the general public, constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

D.    Therefore, during the period at issue the said employees were employed in an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Sections 3(r)(1) and/or 3(s)(1) of the Act, and the employees and the enterprise were subject to Sections 7, 11(c) of the Act, 29 U.S.C. §§ 207 and 211(c).

V

Since at least March 21, 2016, the defendants have willfully and repeatedly violated the provisions of Sections 7 and

4

15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees who have been engaged in commerce, or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

VI

Since at least March 21, 2016, the defendants have willfully and repeatedly violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and the Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by the enterprise, as prescribed in the aforesaid Regulations. Since at least March 21, 2016, the defendants have altered payroll records to reflect workweeks with 40 hours or less worked, rather than reporting employees' actual hours worked.

VII

WHEREFORE, cause having been shown, plaintiff prays for Judgment:

1. Permanently enjoining defendants Sports-Ortho Urgent Care, PC dba Sports Ortho Urgent Care; Tennessee Sports Medicine and Orthopedics, PC; Charles R. Kaelin, Jr. and Carol Kaelin their agents, servants, employees and all persons in active

5

concert or participation with them, from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act, 29 U.S.C. §§ 207, 211(c), 215(a)(2), and 215(a)(5), in accordance with Section 17 of the Act, 29 U.S.C. § 217;

2. Restraining the defendants against withholding of payment of wages found by the Court to be due employees under the Act (as named in "Exhibit A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial), for a period of three years prior to March 21, 2016 in accordance with Section 17 of the Act, 29 U.S.C. § 217, and until the date defendants can establish that they have come into full compliance;

3. Awarding back wages for a period of three years prior to March 21, 2016, and an additional equal amount as liquidated damages to employees (as named in "Exhibit A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial) in accordance with Section 16(c) of the Act, 29 U.S.C. § 216(c); and

4. For such other and further relief as may be necessary and appropriate including interest on such back wages at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621, from the date they became due until paid, and costs of this action.

6

Respectfully submitted,

KATE S. O'SCANNLAIN
Solicitor of Labor

POST OFFICE ADDRESS:

TREMELLE I. HOWARD
Regional Solicitor

Office of the Solicitor
U.S. Department of Labor
618 Church Street, Suite 230
Nashville, Tennessee 37219-2456

THERESA BALL
Associate Regional Solicitor

Telephone: (615)781-5324
Email: Belton.Schean@dol.gov
Nash.Fedcourt@dol.gov

/s/ Schean G. Belton
SCHEAN G. BELTON
Attorney

U. S. Department of Labor
Attorneys for the Secretary